# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
BERNADETTE SKORUPSKA,            *
mother and natural guardian of N.S., *
a minor,                         *
                                 *    No. 16-1517V
                                 *    Special Master Christian J. Moran
            Petitioner,          *
v.                               *
                                 *    Filed: December 17, 2019
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *    Attorneys' fees and costs, interim
            Respondent.          *    award
* * * * * * * * * * * * * * * * * * * *

Bernadette Skorpuska, New York, NY, pro se;
Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, former counsel of record for petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]**

On November 15, 2016, Bernadette Skorupska ("Petitioner"), on behalf of her minor son N.S., filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Petitioner claims that N.S. suffered infantile spasms and related seizures and neurodevelopmental impairments, as well as a significant aggravation of his "developmental problems characterized by motor difficulties and hypotonia," after receiving the Haemophilus influenzae

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

type b vaccine on November 16, 2013. Pet., filed Nov. 15, 2016, ¶¶ 15, 21. Petitioner's former counsel of record was Mr. Robert Krakow.

On December 4, 2017, the Secretary argued that compensation was not appropriate because petitioner failed to provide sufficient evidence of causation, citing petitioner's lack of expert report or medical evidence, as well as N.S.'s developmental issues and SCN2A genetic mutation present before vaccination. Resp't's Rep. at 8. The Secretary argued that "petitioner also has not proven under Loving that N.S.'s outcome is any different than it would have been if he had not been vaccinated." Id.

To develop her case, petitioner attempted to procure an expert report, but was unable to do so. After Ms. Skorupska contacted the chambers of the undersigned to express her desire to obtain new counsel, and after a status conference was held with the parties, the undersigned issued an order directing Mr. Krakow to move to withdraw as counsel in the case. Order issued June 20, 2019, ECF No. 78. Mr. Krakow filed a motion to withdraw as attorney of record on July 24, 2019, see Pet'r's Mot. filed July 24, 2019, ECF No. 82, which the undersigned subsequently granted on August 7, 2019, see Order issued Aug. 7, 2019, ECF No. 83. Petitioner now continues to pursue her claim *pro se*.

As instructed in the June 20, 2019 order, petitioner moved for an award of attorneys' fees and costs on an interim basis before moving to withdraw on July 24, 2019, requesting $42,311.00 in fees and $4,776.09 in costs, for a total of $47,087.09. Pet'r's Mot. IAFC at 3. **For the reasons that follow, petitioner is awarded $46,697.59.**

\*   \*   \*

The requested fees include work performed and costs incurred as of July 24, 2019, when petitioner filed her motion. Petitioner argues that an award of interim fees and costs is appropriate in this case because: (1) petitioner's submission of medical records and medical literature satisfy the reasonable basis requirement, Pet'r's Mot. IAFC at 6-8; (2) expenses sought are substantial, id. at 14; and (3) denying fees would pose and undue hardship to counsel given that "it may be months to years before an entitlement ruling is issued," id. at 15-16.

The Secretary filed his response to petitioner's motion on August 7, 2019. Resp't's Resp. filed Aug. 7, 2019, ECF No. 85. The Secretary did not provide any objection to petitioner's request. Id. Instead, he stated that he "recommends that

2

the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 4. The undersigned then issued an order on August 22, 2019, directing respondent to file a brief addressing the issue of reasonable basis in petitioner's particular case consistent with the directions stated in the order issued on January 20, 2019. Order issued Aug. 22, 2019, ECF No. 90. Respondent then submitted an additional response stating that "respondent is satisfied that the Special Master would not commit error were he to find that petitioner's claim had a reasonable basis." Resp't's Resp. filed Aug. 23, 2019, ECF No. 91, at 1. However, the Secretary took issue with petitioner's partial reliance on the pediatrician's letter to establish reasonable basis. Id. at 1-2.

This matter is now ripe for adjudication.

\* \* \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352. Since petitioner has not received compensation from the Program, she may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has

3

not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, after being instructed to present a position regarding reasonable basis, respondent did not interpose any objection. Resp't's Resp. filed Aug. 23, 2019, ECF no. 91, at 1. This lack of objection weighs heavily. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (emphasis added)). In addition, petitioner has presented some support from a treating doctor. Thus, the undersigned finds that petitioner satisfies the reasonable basis standard.

## 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352 (Fed. Cir. 2008). Instead, petitioners must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. Petitioner clears both hurdles.

## 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are

4

calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895, n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioner states that the rates claimed are "reasonable and consistent with the hourly rates upon which attorney[s'] fees have been awarded in cases for similarly situated attorneys" and that the rates are "consistent with the hourly rates approved in McCulloch." Pet'r's Mot. IAFC at 21. The Secretary does not dispute petitioner's counsel's entitlement to forum rates. Given Mr. Krakow's level of experience, the undersigned finds these rates to be reasonable. Mr. Krakow's

---

[2] The 2015–2016, 2017, 2018, and 2019 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

5

rates, as well as the rates for paralegal work performed in this case, are in line with the forum hourly rate fee schedule and therefore reasonable. See id.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Krakow's time entries provide detail to assess reasonableness. Generally, Mr. Krakow appropriately did not request compensation for administrative tasks, which are not compensable. Thus, the undersigned finds Mr. Krakow's number of hours expended to be reasonable. However, the undersigned did note some purely administrative tasks listed, and adjusted the calculation of fees for these items, eliminating compensation for entries or portions of entries that consisted of purely administrative work. The undersigned finds that this total reduction amounts to $389.50.

Accordingly, taking this fees reduction into account, petitioner is awarded attorneys' fees in the amount of $41,921.50.

### C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested $4,776.09 in attorneys' costs, consisting of acquiring medical records, paying the court filing fee, and postage. See Pet'r's Mot. IAFC, Exhibit 42, tab 2, at 28; see also Pet'r's Mot. IAFC at 13. For these non-expert-related costs, the undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

In sum, petitioner is awarded attorneys' costs in the amount of $4,776.09.

\* \* \*

Accordingly, petitioner is awarded:

**A lump sum of $46,697.59 in the form of a check made payable to petitioner and petitioner's attorney, Robert J. Krakow.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

In addition, the clerk is directed to mail a copy of this decision to former counsel of record.

**IT IS SO ORDERED.**

Christian J. Moran
Special Master